**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-1636 DOC(SHx)                                         Date: February 15, 2011

Title: PETER ROHDE v. TERRY L. TRANTINA AND STERN & KILCULLEN, LLC

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                           NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

      Before the Court is a Motion to Dismiss Plaintiffs' First Amended Complaint filed by Defendants Terry L. Trantina and Stern & Kilcullen, LLC in the above-captioned case (the "Motion"). The Court finds the matter appropriate for decision without oral argument. Fed.R.Civ. P. 78; Local Rule 7-15. After considering the moving, opposing, and replying papers thereon, and for reasons set forth below, the Court hereby GRANTS in part and DENIES in part Defendants' Motion to Dismiss.

    **I.**    **Background**

      In March of 2006, Plaintiffs Peter Rohde and Science & Ingredients, Inc. ("Plaintiffs") secured Defendants Terry L. Trantina and Stern & Kilcullen, LLC ("Defendants") to represent Plaintiffs in an arbitration proceeding. Plaintiffs sought to recover damages for the operation and termination of Lipoid U.S.A., LLC, a joint venture between Science & Ingredients, Inc. and Lipoid, Gmbh. Peter Rohde was the real party in interest and agent for Science & Ingredients, Inc.

      According to Plaintiffs, Defendants engaged in negligent conduct throughout the course of the arbitration proceedings. First Amended Complaint ("FAC") ¶ 3. Defendants allegedly failed to

properly prepare for direct examination and cross-examination, thereby causing Plaintiffs to lose at arbitration. *Id.* Plaintiffs also allege that Defendants took advantage of Plaintiffs by "fail[ing] to disclose the risks to [Plaintiffs] in the eleventh hour change of the fee agreement." *Id.* at 5.

In light of this alleged wrongdoing, Plaintiffs filed suit in Orange County Superior Court. Defendant removed the action to federal court. Following removal, Plaintiffs filed their FAC on November 17, 2010 asserting claims for (1) Professional Malpractice and (2) Breach of Fiduciary Duty. Defendant now moves to dismiss the FAC on the grounds that it fails to state a claim upon which relief can be granted.

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)). In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). A claim for relief is facially plausible when the Plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949. If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.* Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950. Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment. *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the Plaintiffss' claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The Court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id*.

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*,

203 F.3d 1122, 1127 (9th Cir. 2000).

### III.  Discussion

#### A.  Plaintiffs' First Claim for Professional Malpractice

To state a claim of legal malpractice under California law, a plaintiff must plausibly allege that (1) the attorney had the duty to exercise care, prudence, and diligence that such members of the professional community exercise, (2) a breach of that duty, (3) causation, and (4) actual loss or damage resulting from the breach of that duty.  *See Budd v. Nixen*, 6 Cal. 3d 195 (1971).  Defendants contend that Plaintiffs' claim contains insufficient factual allegations in support of the claim that Defendants breached their duty to exercise due care.

The Court agrees.  Plaintiffs professional malpractice claim rests on the opaque allegations that Defendants failed "to investigate, prepare and present in arbitration viable claims including claims for money due under a breach of contract, fail[ed] to investigate the arbitrator which resulted in a biased negative decision, [and] fail[ed] to prepare for and competently solicit direct and cross-examination testimony for the clear presentation of issues." FAC ¶ 9.  Plaintiffs aver no specific facts in support of these charges.  In the absence of any such factual allegations, Plaintiff's claims "sto[p] short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Accordingly, Defendants' Motion to Dismiss Plaintiffs' First Claim for Professional Malpractice is GRANTED.  This claim is DISMISSED WITH LEAVE TO AMEND.

#### B.  Plaintiffs' Second Claim for Breach of Fiduciary Duty

To bring a claim for breach of fiduciary duty under California law, a plaintiff must show "(1) the existence of a fiduciary duty, (2) breach of the fiduciary duty, and (3) damages proximately caused by the breach." *Stanley v. Richmond* 35 Cal. App. 4th 1070, 1086 (1995).  Fiduciary duties are determined as a matter of law "based on the Rules of Professional Conduct, which 'together with statutes and general principles relating to other fiduciary relationships, all help define the duty component of the fiduciary duty which an attorney owes to his client'" *Id.* (quoting *Mirabito v. Luccardo,* 4Cal.App.4th 41, 45 (1992)).  In the FAC, Plaintiffs allege that Defendants breached their "fiduciary duties of loyalty and full disclosure." FAC ¶ 4.

Defendants assert that Plaintiffs fail to state any  "non-conclusory" legal allegations in

support of their claim for a breach of fiduciary duty. Motion ¶ 11.[1]  In support of their claim, however, Plaintiffs assert that Defendants decided to drop a "contract action" without disclosing to Plaintiffs "the risks inherent" in this course of action. FAC ¶ 4.  Plaintiffs also allege that Defendants gained an increase in attorney's fees by "renegotiating the existing fee agreement on the eve of arbitration" at the "eleventh hour." *Id.* & ¶ 5.  Thus, Plaintiffs assert that Defendants breached their fiduciary duties of "loyalty and full disclosure" by changing their duties and fees in the fee agreement at the last moment without prior notice to Plaintiffs.  The Court finds these factual allegations sufficient to state a plausible claim for breach of fiduciary duty.

Defendants' Motion to Dismiss Plaintiffs' Second Claim for Breach of Fiduciary Duty is DENIED.

### C. Plaintiffs' Request for Disgorgement of Attorney's Fees

Plaintiffs do not oppose Defendants' Motion to Dismiss Plaintiffs' request for Disgorgement of Attorney's Fees.  Accordingly, Defendants' Motion to Dismiss Plaintiffs Request for Disgorgement of Attorney's Fees is GRANTED AS UNOPPOSED.

### IV. Disposition

In light of the foregoing, Defendants' Motion to Dismiss Plaintiffs' Claim for Professional Malpractice is GRANTED.  This claim is DISMISSED with leave to amend.

Defendants' Motion to Dismiss Plaintiffs' Claim for Breach of Fiduciary Duty is DENIED.

Defendants' Motion to Dismiss Plaintiffs' request for the Disgorgement of Attorney's Fees is GRANTED AS UNOPPOSED.  This claim is DISMISSED.

Plaintiffs shall file any amended complaint by March 7, 2011.  Defendants shall have until March 28 to answer, move to dismiss, or otherwise respond to any amended complaint.

---

[1] Defendants further state that Plaintiffs attempt to add a host of new allegations against Defendants by way of their Opposition. "[I]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984).  The Court thus declines to consider these new allegations.